**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHARLES EICKLEBERRY, et al.  :
                            :    Civil Action No. 09-1556 (NLH)
          Plaintiffs,       :
                            :
     v.                     :    **OPINION**
                            :
H. LAPPIN, et al.,          :
                            :
          Defendants.       :


Appearances:

Plaintiffs, pro se
Charles Eickleberry
Timothy Junkert
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640


**HILLMAN, District Judge:**

Plaintiffs Charles Eickleberry, Timothy Junkert, Scott Burhyte, and Michael Jackson, inmates then-confined at the Federal Correctional Institution at Fort Dix, New Jersey, originally submitted a Complaint under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and asked the Court to allow them to proceed in forma pauperis under 28 U.S.C. § 1915.[1]

By Opinion [2] and Order [3] entered April 8, 2009, familiarity with which is presumed, this Court severed the claims

_____

[1] At that time, an application to proceed in forma pauperis was submitted by Plaintiff Charles Eickleberry, only.

of each co-plaintiff and directed the opening of new and separate civil actions for co-plaintiffs Timothy Junkert, Scott Burhyte, and Michael Jackson.  With respect to co-plaintiff Charles Eickleberry, who remained the sole plaintiff in this action, this Court denied his application for leave to proceed in forma pauperis and ordered this action administratively terminated.

This matter is again before the Court pursuant to co-plaintiff Charles Eickleberry's Motion [7] for reconsideration of that portion of the Court's order denying him leave to proceed in forma pauperis, and co-plaintiffs Charles Eickleberry's and Timothy Junkert's Motions [11, 12] for leave to amend the Complaint.

## I.  FACTUAL BACKGROUND

In the original Complaint, Plaintiffs allege generally that the conditions at the Federal Correctional Institution at Fort Dix violate their Eighth Amendment right to be free from cruel and unusual punishment.  They allege deficiencies with respect to cleanliness, toxins (e.g., asbestos exposure), ventilation, lighting, overcrowding, plumbing, insect infestations, access to the law library, and recreational facilities.  The Complaint is followed by various "affidavits" alleging facts specific to each of the various co-plaintiffs.[2]

---

[2] In addition to affidavits by the four original named plaintiffs, there are included affidavits signed by a non-plaintiff Nicholas Simons.

Plaintiffs named as defendants Federal Bureau of Prisons Director H. Lappin, Warden J. Grondolsky, Assistant Wareden N. Nichols, Assistant Warden Sutherland, Unit Manager M. Carroll, Unit Manager J. Knox, Unit Manager H.E. McKinnon, Safety Manager Giamio, Facilities Manager SCO Brooks, and Education Department Head Douglas E. Watford.  Plaintiffs sought injunctive relief and monetary damages.

As noted above, by Opinion and Order entered April 8, 2009, this Court severed the claims of each co-plaintiff and directed the opening of new and separate civil actions for co-plaintiffs Timothy Junkert, Scott Burhyte, and Michael Jackson.

Co-Plaintiff Charles Eickleberry, the remaining plaintiff in this action, moved for reconsideration of that portion of this Court's order denying him leave to proceed in forma pauperis.

By Letters [4, 5], which this Court construes as motions for reconsideration, co-plaintiff Timothy Junkert advised the Court that he wishes to proceed jointly with co-plaintiff Charles Eickleberry and as a member of a class.[3]  Pursuant to these letters, this Court entered an Order in Junkert v. Lappin, Civil No. 09-1647 (D.N.J.), deeming that action withdrawn.

---

[3] Co-plaintiff Timothy Junkert correctly points out that in Paragraph 1, Jurisdiction, of the original Complaint, the original Plaintiffs alleged that they were proceeding under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. Nowhere else in the Complaint do the plaintiffs address the class action rule.

Co-plaintiff Scott Burhyte has not sought reconsideration in this action, but filed an amended complaint in his new separate action.  See <u>Burhyte v. Federal Bureau of Prisons</u>, Civil No. 09-1648 (D.N.J.).

All mail sent to co-plaintiff Michael Jackson has been returned by the Bureau of Prisons as undeliverable.  See <u>Jackson v. Lappin</u>, Civil No. 09-1649 (D.N.J.).

Together, co-plaintiffs Timothy Junkert and Charles Eickleberry have asked for leave to amend the Complaint.[4]

## II.  <u>ANALYSIS</u>

A.   <u>The Request to Proceed as Representatives of a Class</u>

Plaintiffs seek leave to proceed as a class action. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure:

> (a)  One or more members of a class may sue or be sued as representative parties on behalf of all members <u>only if</u>:
>> (1)  the class is so numerous that joinder of all members is impracticable;
>> (2)  there are questions of law or fact common to the class;
>> (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>> (4)  the representative parties will fairly and adequately protect the interests of the class.

---

[4] Because of the disposition of this matter, with respect to the request to proceed jointly and/or as representatives of a class, the requests for leave to amend the Complaint (which relate to exhaustion of administrative remedies) will be denied as moot.

(emphasis added). "The requirements of Rule 23(a) are meant to assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances." Baby Neal by Kanter v. Casey, 43 F.3d 48, 55, 30 Fed.R.Serv.3d 1469 (3d Cir. 1994).

It is well established, however, that "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Board, 160 Fed.Appx. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Thus, it would not be appropriate to permit plaintiffs Eickleberry and Junkert to proceed as representatives of a class.

In addition, an action may proceed as a class action under Rule 23 only if the other specified conditions of Rule 23(a) -- numerosity, commonality, and typicality -- are met.[5] The Third Circuit has previously held that the numerosity requirement will generally be satisfied "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir.2001).

_____

[5] In addition, the co-plaintiffs must meet the requirements of Rule 23(b). Because the co-plaintiffs have not established their authority to proceed as representatives of a class under Rule 23(a), this Court need not at this time address the requirements of Rule 23(b).

The "typicality" and "commonality" prerequisites of Rule 23 do not require that all of the putative class members share identical claims. These prerequisites mandate only that complainants' claims be common, and not in conflict. "Typicality entails an inquiry whether 'the named plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.

Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiff demonstrate a personal interest or "threat of injury ... [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'"

Hassine v. Jeffes, 846 F.2d 169, 176-77, 10 Fed.R.Serv.3d 1380 (3d Cir. 1988) (citations omitted) (emphasis in original).

The remaining co-plaintiffs here have failed to allege any facts suggesting that they can meet these requirements. Plaintiffs make no factual allegations describing the proposed members of the class or their numbers. Accordingly, it would not be appropriate to permit this action to proceed as a class action.

Nor do the factual allegations in general suggest that the claims satisfy the "commonality" and "typicality" requirements. By way of example, prisoners seeking to proceed as a class asserting a claim for denial of access to the courts, (see Complaint, Statement of Facts, ¶ I), must allege facts showing "widespread actual injury," Lewis v. Casey, 518 U.S. 343, 349 (1996), that is:

6

> Because Bounds[v. Smith, 430 U.S. 817 (1977),] did not
> create an abstract, freestanding right to a law library
> or legal assistance, an inmate cannot establish
> relevant actual injury simply by establishing that his
> prison's law library or legal assistance program is
> subpar in some theoretical sense.  That would be the
> precise analog of the healthy inmate claiming
> constitutional violation because of the inadequacy of
> the prison infirmary.  Insofar as the right vindicated
> by Bounds is concerned, "meaningful access to the
> courts is the touchstone," id., at 823, 97 S.Ct., at
> 1495 (internal quotation marks omitted), and the inmate
> therefore must go one step further and demonstrate that
> the alleged shortcomings in the library or legal
> assistance program hindered his efforts to pursue a
> legal claim.

Lewis v. Casey, 518 U.S. at 351.  "[T]he injury requirement is
not satisfied by just any type of frustrated legal claim," but is
limited to cases involving a challenge to the prisoner's
conviction or civil rights actions brought to vindicate basic
constitutional rights.  Id. at 354-55.  Here, the remaining co-
plaintiffs have alleged only inadequate access to the law
library, and have failed to allege the type of widespread injury
that would justify proceeding as a class action.

Finally, Plaintiffs here are attempting to assert, in
shotgun fashion, claims that are not properly joined in one
action, whether by one plaintiff or a class.  See ¶ B, infra.
For all the foregoing reasons, the request to proceed as class
representatives will be denied.

B.   The Request for Joinder

The claims asserted here are not appropriate for joinder in
one action.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20 of the Federal Rules of Civil Procedure provides the following regarding permissive joinder of parties:

> (1) Plaintiffs.  Persons may join in one action as plaintiffs if:
>     (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all plaintiffs will arise in the action.
> (2) Defendants.  Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), a plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), decided after this Complaint was submitted, the Court of Appeals for the Third Circuit held that in forma pauperis prisoners are not categorically barred from joining as plaintiffs under Rule 20 of the Federal Rules of Civil Procedure.

"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court."  Hagan, 570 F.3d at 157.

Here, Plaintiffs have failed to assert facts tying any single claim to all defendants, who range in authority from the Director of the Federal Bureau of Prisons to local Unit Managers and the local Education Department Head.  Thus, the requirements

9

for joinder of multiple defendants as to even one claim have not been met.  Accordingly, Plaintiffs cannot join, in a single action, the multiple unrelated claims asserted here against the ten named defendants.

In addition, the generalized allegations fail to comport with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

The Supreme Court has demonstrated the application of these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.  Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.  And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ...  It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.  Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."  A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in

11

which it was decided.  See Phillips v. County of Allegheny, 515
F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read
Twombly so narrowly as to limit its holding on plausibility to
the antitrust context").

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

    More recently, the Supreme Court has emphasized that, when
assessing the sufficiency of any civil complaint, a court must
distinguish factual contentions -- which allege behavior on the
part of the defendant that, if true, would satisfy one or more
elements of the claim asserted -- and "[t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory
statements."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).
Although the Court must assume the veracity of the facts asserted
in the complaint, it is "not bound to accept as true a legal

conclusion couched as a factual allegation." <u>Id.</u> at 1950.  Thus,

"a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." <u>Id.</u>

> Therefore, after <u>Iqbal</u>, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated.  The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions.  Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief."  In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such
> an entitlement with its facts.  <u>See Phillips</u>, 515 F.3d
> at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

<u>Fowler v. UPMC Shadyside</u>, 2009 WL 2501662, 5 (3d Cir. August 18,

2009) (citations omitted).

> Rule 10(b) of the Federal Rules of Civil Procedure provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances.  ...  If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

> For all the foregoing reasons, it is not sufficient, as the

co-plaintiffs did here, to list the defendants at the beginning

of the Complaint, then proceed to a separate discussion of

allegedly unconstitutional conditions of confinement, without tying each of those allegedly unconstitutional conditions to a specific alleged wrongdoer.

Nor is it sufficient to identify certain persons as administrators, supervisors, department heads, or directors, and to premise liability on such status.  Although the Supreme Court has not addressed whether supervisors in Bivens[6] actions may be held liable on a theory of respondeat superior, most courts to address the issue have held that liability may not be based on respondeat superior.  See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(collecting cases); Laswell v. Brown, 683 F.2d 261, 268 & n.11 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) (basing its conclusion on the fact that the Supreme Court has looked to § 1983 cases in evaluating the nature of defendant officials' qualified immunity); Kite v. Kelly, 546 F.2d 334, 337-38 (10th Cir. 1976).  See also Parker v. U.S., 197 Fed.Appx. 171, 173 n.1 (3d Cir. 2006) (not precedential); Balter v. U.S., 172 Fed.Appx. 401, 403 (3d Cir. 2006) (not precedential).  This Court finds persuasive the reasoning of those courts that have declined to impose respondeat superior liability in Bivens actions.  Without factual allegations linking specific defendants to specific allegedly unconstitutional conditions, the co-

---

[6] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

plaintiffs have failed to state a claim against <u>any</u> of the
defendants with respect to <u>any</u> of the allegedly unconstitutional
conditions of confinement.

Finally, Rule 11 requires that <u>all</u> co-plaintiffs sign every
paper submitted to the Court in any civil action.  The myriad
motions and letters submitted to this Court by the individual co-
plaintiffs Eickleberry and Junkert suggests to this Court that
these particular co-plaintiffs are not capable of jointly
prosecuting this action.

Thus, the request for joinder will be denied without
prejudice and this action will again be administratively
terminated without filing the Complaint.  Plaintiffs Eickleberry
and Junkert will be permitted to indicate their intent to proceed
by moving to re-open.  Any such motion must be accompanied by a
proposed amended complaint that complies with the rules for
joinder and with the general pleading requirements of the Federal
Rules of Civil Procedure.  In the alternative, should either co-
plaintiff wish to proceed only with his individual claims, he may
move to re-open his individual action by submitting a proposed
individual amended complaint.

C.   <u>In Forma Pauperis Applications</u>

As noted above, during the pendency of this matter, the U.S.
Court of Appeals for the Third Circuit decided <u>Hagan v. Rogers</u>,
570 F.3d 146 (3d Cir. 2009), in which the Court addressed the

15

assessment of filing fees in multiple-plaintiff pro se prisoner actions.

Where the entire $350 filing fee has not been prepaid, the full $350 filing fee must be assessed against **each** in forma pauperis prisoner co-plaintiff permitted to join in the action under Rule 20, as though each such prisoner were proceeding individually.  Hagan, 570 F.3d at 150.  Where multiple co-plaintiffs seek to proceed in forma pauperis, each must submit a complete application, accompanied by the required certified six-months institutional account statement.[7]

---

[7] Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.  See also Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's

Here, as an initial matter, the $350 filing fee was not prepaid.  As of this time, both co-plaintiffs Eickleberry and Junkert have submitted complete applications for leave to proceed in forma pauperis, accompanied by the required certified institutional account statements, indicating that they qualify to proceed in forma pauperis.  This Court is persuaded by co-plaintiff Eickleberry's reasoning that his motion for leave to proceed in forma pauperis should be granted under § 1915(g), permitting a three-strikes prisoner plaintiff to proceed in forma pauperis in actions where the prisoner adequately alleges that he is in imminent danger of serious physical injury.

-----

account.  28 U.S.C. § 1915(b)(2).

    Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

    If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

However, at the time co-plaintiffs Eickleberry and Junkert submitted their applications for leave to proceed in forma pauperis, the Court of Appeals had not decided Hagan, which requires each co-plaintiff to pay a full $350 filing fee.

Accordingly, this Court will take plaintiff's Eickleberry's and Junkert's applications under advisement until such time as they indicate their intent to proceed with this joint action, and to each pay a full $350 filing fee, by submitting a new motion to re-open and a proposed Amended Complaint.  Either co-plaintiff may instead elect to proceed in his separate civil action.

### III.  CONCLUSION

For the reasons set forth herein, this Court finds that the remaining co-plaintiffs Eickleberry and Junkert have failed to allege facts sufficient to permit them to proceed in this action jointly or as class representatives.  An appropriate Order follows.


At Camden, New Jersey                    /s/ NOEL L. HILLMAN
                                         Noel L. Hillman
                                         United States District Judge

Dated: December 21, 2009